UNITED STATES *v.* GUTH STERN & CO., INC. (No. 3688) [1]

United States Court of Customs and Patent Appeals, November 6, 1933

*Charles D. Lawrence,* Assistant Attorney General (*William Whynman,* special attorney, of counsel), for the United States.

Puckhafer & Rode (George J. Puckhafer of counsel) for appellee.

[Oral argument October 13, 1933, by Mr. Lawrence and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the United States Customs Court sustaining the protest of appellee against the collector's dutiable classification of devices for the sharpening of safety-razor blades.

[1] T.D. 46777.

The merchandise was classified by the collector as articles or "manufactures of metal not specially provided for" and assessed for duty at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930. The protest of appellee claims it to be properly classifiable as a machine, not specially provided for, under paragraph 372 of said act and dutiable thereunder at 27½ per centum ad valorem.

We quote the following from the opinion of the Customs Court:

According to the testimony, each of said machines consists of a frame and carriage, the two outer bars of the frame passing through the center, and wheels made of leather and carborundum being attached to the carriage. In sharpening the razor blade the carriage is moved rapidly by hand from left to right and from right to left, causing the wheels to revolve. The fluted bars attached to the frame cause the wheels to engage the razor blades on both sides, projecting metal parts tilting the blade to a sharpening position.

Upon the testimony and sample admitted in evidence as exhibit 1, we hold as a matter of law that the imported mechanisms are machines as that term has been defined in *Simon, Buhler & Baumann, Inc.*, v. *United States*, 8 Ct. Cust. Appls. 273, T.D. 37537, and that they are therefore dutiable as such at the rate of 27½ per centum ad valorem under said paragraph 372, as alleged by plaintiff.

We deem it not improper to state that, as a matter of first impression, this court finds itself not unsympathetic with the contention made by the Government to the effect that the relatively simple, finger-operated devices here at issue do not "rise to the dignity of machines."

A careful analysis of this court's opinion in the *Simon, Buhler, & Baumann* case, *supra*, will disclose that the court was not there confronted with the necessity of attempting to lay down any precise and all-inclusive definition of the term "machine" for tariff purposes, nor does the opinion itself purport to do so. It merely recites certain characteristics of a machine as that term and certain associated terms are defined in the standard authorities there cited, for the sole purpose of negativing the contention there made by the Government that a brewery mash filter was a machine.

In headnoting the case, the reporter, utilizing the language used in the text of the opinion, stated the definition affirmatively, and it has since been often quoted by this court, and by the Customs Court, in various cases, in the form adopted by the reporter.

There is no intention of here intimating that the definition, insofar as there stated, is inaccurate. Upon the contrary, it has been consistently adhered to by us, and, by implication at least, it received legislative endorsement, particularly in the Tariff Act of 1930. *Vide* Summary Tariff Information 1929, volume 1, page 841.

However, it has never been the purpose of this court to hold arbitrarily that the definition is so rigid and exact in its terms as to include any and all devices and mechanisms that may happen to be literally embraced within it. An examination of numerous definitions given

in the very authorities cited in the *Simon, Buhler & Baumann* case, *supra,* discloses distinctions which should be taken as matters of common knowledge. For example, in Webster's New International Dictionary, it is said:

> \* \* \* According to the strict definition, a crowbar abutting against a fulcrum, a pair of pliers in use, or a simple pulley block with its fall, would be a machine, but ordinary usage would hardly include such as these; while an implement or tool whose parts have no relative movement, as a hammer, saw, chisel, plane, or the like, would not, of itself, in any case be a machine. Popularly and in the wider mechanical sense, a machine is a more or less complex combination of mechanical parts, as levers, cog and sprocket wheels, pulleys, shafts, and spindles, ropes, chains, and bands, cams and other turning and sliding pieces, springs, confined fluids, etc., together with the framework and fastenings supporting and connecting them, as when it is designed to operate upon material to change it in some preconceived and definite manner, to lift or transport loads, etc.

As to the merchandise now before us, however, this court feels that the issue is determined by the application of the familiar rule relating to legislative ratification of judicial interpretation. This is a rule of construction frequently resorted to by the courts to aid them in arriving at the legislative intent, which latter, in tariff matters particularly, is the lodestar of judicial decisions. *United States* v. *Bassichis Co. et al.*, 16 Ct. Cust. Appls. 410, T.D. 43133, and cases therein cited; *Kelly & Co.* v. *United States*, 17 C.C.P.A. (Customs) 30, T.D. 43322.

Paragraph 372 of the Tariff Act of 1922, insofar as "all other machines, \* \* \* not specially provided for" are concerned, is the prototype of paragraph 372 of the Tariff Act of 1930, and paragraph 399 of the Tariff Act of 1922 is the prototype of paragraph 397 of the Tariff Act of 1930, insofar as either of these latter might, for tariff purposes, include the merchandise here at issue.

On September 9, 1925, the United States Board of General Appraisers (now the United States Customs Court) in an abstract opinion, No. 49972, in a case arising under the 1922 act where the issue was squarely between paragraphs 372 and 399 thereof, held "A device for honing and stropping safety-razor blades" to be classifiable as machines under paragraph 372. *Vide* 48 Treas. Dec. 650.

The brief opinion recites:

> It was found that a safety-razor blade inserted in this device is mechanically turned over four times by merely pushing back and forth a lever. The device was held to be a machine within the meaning of that term in G.A. 8838 (T.D. 40358). The claim under paragraph 372 was therefore sustained.

In the Summary of Tariff Information, 1929, supplied by the Tariff Commission to the Congress for use in preparing the measure which became the Tariff Act of 1930, attention was directed to this specific decision, and Congress, with this decision before it, reenacted the law without any change which affects the merchandise here before us.

This, under the history recited, following the reasoning of the *Bassichis Co.* case, *supra,* we do not feel at liberty to regard as other than legislative ratification of the judicial decisions alluded to, and upon this ground the judgment of the United States Customs Court is *affirmed.*